UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

TRIMCO-DISPLAY, LLC, :
 :
    Counter Claimant, :
 :
v. : File No. 1:09-CV-106 (jgm)
 :
LOGIC SUPPLY, INC., :
 :
    Counter Defendant. :
 :

MEMORANDUM AND ORDER
(Doc. 21)

Counterclaim plaintiff Trimco-Display, LLC (Trimco), a New Jersey limited liability company, asserts state law claims of breach of contract, fraudulent misrepresentation, and negligent misrepresentation against counter defendant Logic Supply, Inc. (Logic Supply), a Vermont corporation. (Doc. 3.) Trimco alleges Logic Supply's breach and misrepresentation caused it extensive damages in the form of lost sales. (Doc. 3 at 8.) Logic Supply dismissed its original action against Trimco, leaving only the counterclaims. See Docs. 33, 37. Trimco moves to transfer venue to the United States District Court for the District of New Jersey. (Doc. 21.) Logic Supply opposes the transfer. (Doc. 24.) Both parties also filed supplemental memoranda addressing the applicability of the recent Supreme Court decision of Stern v. Marshall, 131 S. Ct. 2594 (2011). (Docs. 31, 38.)

This case was originally filed by Logic Supply, Inc. in April 2009.[1] (Doc. 1.) Logic Supply alleged Trimco ordered computer systems from it, some of which were delivered, and the balance of which were refused, causing damage to Logic Supply. In June 2009, Trimco filed counterclaims

---

[1]The facts and procedural history are taken from the parties' papers and are not generally in dispute. See Docs. 21, 24 ("Logic Supply generally does not dispute the facts and procedural history set forth by Trimco in its Motion.").

1

against Logic Supply alleging the computer systems were defective and not timely delivered causing damage to Trimco in the form of lost sales.  (Doc. 3.)

On September 24, 2009, Trimco-Display, LLC filed for bankruptcy under Chapter 7 in the District of New Jersey.  (Doc. 13.)  Accordingly, this action was stayed as of September 28, 2009.  See Dkt. No. 1:09-cv-106 (Sept. 28, 2009).

In January 2010, Logic Supply filed a proof of claim in the bankruptcy proceeding based on the same causes of action alleged in its complaint in this case.  (Doc. 21-1.)  The motion to transfer was filed in July 2011.  (Doc. 21.)  On August 11, 2011, Logic Supply filed a notice of withdrawal of its proof of claim in the bankruptcy case.  (Doc. 25-1.)  Subsequently, Logic Supply -- in addition to opposing the motion to transfer (Doc. 24) -- moved to voluntarily dismiss its complaint on September 30, 2011.  (Doc. 33.)  Logic Supply noted the stay prevented prosecution of its claims against Trimco, but dismissal of the claims would allow its defense of Trimco's counterclaims to proceed.  (Doc. 33 at 1.)

On January 9, 2012, the Court held a status conference with the parties, including Trimco's bankruptcy trustee.  The Court granted Logic Supply's motion to dismiss its complaint.  See Dkt. Entry No. 37 (Jan. 9, 2012).

The Court considers Trimco-Display, LLC's motion to transfer this case -- which now consists solely of its counterclaims -- arguing it is in the interest of justice and for the parties' convenience to transfer the action to the United States District Court for the District of New Jersey.  (Doc. 21 at 3.)  Trimco makes the motion under section 1412 of Title 28, which permits a court to transfer a case or proceeding under title 11 to another district in the interest of justice or for the convenience of the parties.  28 U.S.C. § 1412.

As discussed in detail in Stern v. Marshall, 131 S. Ct. 2594 (2011), Congress may not bypass Article III courts "simply because a proceeding may have some bearing on a bankruptcy case."

2

Id. at 2618. In Stern, the Court decided Congress overstepped its authority in the Bankruptcy Act of 1984, holding the bankruptcy court, in that case, "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620. "[T]he question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." Id. at 2618.

Here, Trimco's counterclaims do not stem from the bankruptcy itself. Trimco alleges state law claims of breach of contract, fraudulent misrepresentation, and negligent misrepresentation in connection with dealings between the parties beginning more than a year prior to the bankruptcy. (Doc. 3.) Further, as Logic Supply has withdrawn its proof of claim in the bankruptcy proceeding, Trimco's counterclaims would not necessarily be resolved in the claims allowance process. Accordingly, a bankruptcy court could not render a final judgment on Trimco's state law counterclaim and, as "the presumption is in favor of Art[icle] III courts," Stern, 131 S. Ct. at 2518 (citation omitted), this Court declines to transfer venue of this case to the United States District Court for the District of New Jersey. The claims at issue are Vermont state law claims and, as Trimco asserts in its counterclaim complaint, "a substantial part of the events giving rise to Trimco's claims for relief against [Logic Supply] arose in Vermont." (Doc. 3 at 4, ¶ 2.)

Counterclaim plaintiff Trimco-Display, LLC's motion to transfer venue (Doc. 21) is DENIED. In view of Logic Supply.'s withdrawal of its proof of claim in the bankruptcy case, and its voluntary dismissal of its complaint against Trimco-Display, LLC, the automatic stay resulting from the bankruptcy filing is lifted. The Court notes the parties are scheduled to participate in an early neutral evaluation (ENE) session with ENE Evaluator Michael Marks, Esq. on March 30, 2012.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 6th day of March, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge